**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.E.A. FILMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> METRO-GOLDWYN-MEYER, INC., <br><br> Defendant. | CASE NO. CV 14-09010 BRO (RZx) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE [Doc 53] |

Hearing on Plaintiff's Motion to Compel, set for April 6, 2015, is vacated. FED. R. CIV. P. 78; L.R. 7-15. The motion is denied without prejudice. The parties have not followed the requirements of Local Rule 37. The Joint Stipulation does not set out each request at dispute, followed by the response, then followed by each party's contentions with respect to the disputed request. This is not a mere question of form; rather it allows the Court to focus on each request and determine what is at issue, what objections have to be considered, and what the parties' attempts at compromise have been.

Moreover, from reading the papers, it appears that the parties can resolve most of the issues themselves, without court intervention, and that further conferences between counsel may well narrow, or eliminate the need for court attention to the dispute. (They also would have allowed for preparing a proper Joint Stipulation, as set forth above, had any issues *truly* remained.) The Court encourages the parties to reach agreements and it

appears as if the parties can do so.  Of course the parties can reach any agreements as to discovery that they want, provided that they do not affect court deadlines.  FED. R. CIV. P. 29.

       The Court also notes that there is much discussion about a protective order.  The Court has entered no protective order in this case, nor has any party made a motion for any protective order.  Nor would the Court enter a protective order in response to a party's mere discussion of such an issue in a responsive memorandum.  Furthermore, there is no "garden-variety" protective order.  Rather, FED. R. CIV. P. 26(c) requires a showing of good cause for the entry of a protective order, and the Court must find good cause even if the parties stipulate to the existence of a protective order.  *Jepson Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).  A good cause showing is a *particularized* showing with respect to documents or categories, and it must be demonstrated that a party will suffer some identified prejudice.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Rivera v. NIBCO, Inc.,* 384 F.3d 822 (9th Cir. 2004); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035, p. 265 (1970), cited with approval in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n.15 (1981).  Moreover, leaving it to parties themselves to decide what materials or categories of materials qualify, and to do so whenever they wish, is not the proper province of a protective order.  *See, e.g., Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 222 (6th Cir. 1996).

       The Court also notes several other matters as to the discovery before the Court:

- The Federal Rules contain no provision for extensive instructions preliminary to the propounding of discovery requests.
- The Federal Rules contain no provision for General Objections.
- Responses that "to the extent that attorney-client privilege is involved, documents will not be produced," or similar statements, are meaningless.  If a response calls for documents that are privileged, the

privilege must be asserted without waffling, and a log or similar mechanism must be prepared.

- Responses that documents will be produced "subject to and without waiving these objections" also are meaningless. Either objections are asserted, in which case the documents are withheld — with whatever consequences — or they are not. "Subject to" suggests that perhaps documents are withheld. A party cannot have it both ways.

The Court provides the parties with these guidelines in the expectation that the parties will act accordingly.

DATED: April 1, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE