LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS)

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM ASSERTING A NEW CLAIM, OR, IN THE ALTERNATIVE, TO MODIFY THE SCHEDULING ORDER [111]

### I.      INTRODUCTION

Pending before the Court is Defendant Metro-Goldwyn-Meyer, Inc.'s ("Defendant" or "MGM") Motion to Preclude Plaintiff P.E.A. Films, Inc. ("Plaintiff") from Asserting a New Claim, or, in the alternative, to Modify the Scheduling Order. (Dkt. No. 111.)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a New York corporation with its principal place of business in New York County, State of New York.  (Compl. ¶ 1.)  Defendant is a Delaware corporation with its principal place of business in California.  (Compl. ¶ 3.)  Plaintiff owns all of the rights to the following motion pictures: *For a Few Dollars More*; *The Good, the Bad, and the Ugly*; and *Last Tango in Paris* (collectively, the "Films").  (Compl. ¶ 1.)  In 1966, Plaintiff and Defendant entered into a series of contracts regarding the Films. (Compl. ¶¶ 9–11.)  The agreements grant Defendant certain rights in the Films, and in return, provide Plaintiff the right "to receive honest and accurate accounting statements,"

Case 2:14-cv-09010-BRO-GJS Document 116 Filed 05/26/16 Page 2 of 8 Page ID #:1618

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

"showing revenue and expenses," and "timely payment" from Defendant. (Compl. ¶¶ 5, 9–11.) The parties renewed the agreements concerning *For a Few Dollars More* and *The Good, the Bad, and the Ugly* by amendment in 1993. (Compl. ¶ 14.) In a separate agreement, also signed in 1993, the parties modified certain accounting and payment terms regarding *Last Tango in Paris*. (Compl. ¶ 18.)

According to Plaintiff, multiple audit reports from previous years revealed that Defendant underpaid Plaintiff for the use of the Films. (Compl. ¶¶ 12–36.) After these deficiencies were brought to Defendant's attention, the parties ultimately settled the disputes. (Compl. ¶¶ 12–36.) However, Plaintiff avers that subsequent audits it performed in 2012 and July 25, 2014 revealed additional underpayments. (Compl. ¶¶ 41–83.)

In light of this alleged discovery, on September 8, 2014, Plaintiff filed its Original Complaint in the Southern District of New York, alleging the following three causes of action: (1) breach of contract, (Compl. ¶¶ 84–92); (2) breach of the covenant of good faith and fair dealing, (Compl. ¶¶ 93–96); and, (3) accounting, (Compl. ¶¶ 97–100). The case was subsequently transferred to this Court on November 10, 2014, (Dkt. No. 30), and the Court set April 6, 2015 as the deadline to amend pleadings, (Dkt. No. 50). Notwithstanding this deadline, Plaintiff filed a Motion to Amend the Scheduling Order and for Leave to File a First Amended Complaint on December 28, 2015. (Dkt. No. 73.) The Court denied that Motion on January 21, 2016, concluding that Plaintiff was not diligent in seeking amendment. (Dkt. No. 94.)

On March 1, 2016, the parties' counsel met for a deposition. (Dkt. No. 111 ("Mot.") at 7–8; Dkt. No. 115 ("Reply") at 6; *see also* Dkt. No. 114 ("Opp'n") at 7–8.) According to Defendant, at the deposition, Plaintiff's counsel informed Defendant's counsel—for the first time since the action's inception—that Plaintiff was pursuing a "misclassification" claim against Defendant. (Mot. at 7–8; Reply at 6.) Based on Plaintiff's counsel's representation, and facing a summary judgment deadline of April 18, 2016, (*see* Dkt. No. 67 (Order setting June 6, 2016 as the last day to hear motions); Dkt. No. 40 (Standing Order requiring summary judgment motions to be filed at least forty-nine days prior to the hearing date)), Defendant propounded a set of interrogatories to clarify whether Plaintiff was actually pursuing the misclassification claim. (Mot. at 8.) Plaintiff responded on April 11, 2016, confirming that it is seeking monetary damages in

Case 2:14-cv-09010-BRO-GJS Document 116 Filed 05/26/16 Page 3 of 8 Page ID #:1619

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

the amount of $4.6 million for Defendant's alleged misclassification of Twentieth Century Fox Home Entertainment LLC ("Fox") as a "servicing company" rather than a "subdistributor." (Mot. at 8–9.)

On May 9, 2016, Defendant filed the instant Motion in order to prevent Plaintiff from asserting this allegedly new claim. (Mot. at 1.) In the alternative, Defendant asks the Court to amend the scheduling order to permit it to file a summary judgment motion relating to the misclassification cause of action. (*Id.*) Plaintiff timely opposed Defendant's Motion on May 16, 2016, (Opp'n), and Defendant timely replied on May 23, 2016, (Reply).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

## IV. DISCUSSION

### A. Defendant's Request for an Order Precluding Plaintiff from Asserting Its Misclassification Claim

As discussed above, Defendant's principal request is for an order precluding Plaintiff from asserting what Defendant argues is a new "misclassification" claim. (Mot. at 1–2; Reply at 10.) Namely, Defendant maintains that Plaintiff has failed to comply with Federal Rules of Civil Procedure 8 and 26 by: (1) ambiguously alleging facts in its Complaint which failed to put Defendant on notice of the claim; and, (2) failing to assert the claim in its Rule 26 disclosures. (Mot. at 10–12.) For these reasons, Defendant asks the Court to apply Rule 37 to sanction Plaintiff by preventing it from asserting the allegedly untimely cause of action. (*See id.*)

Case 2:14-cv-09010-BRO-GJS   Document 116   Filed 05/26/16   Page 4 of 8   Page ID #:1620

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

In opposition, Plaintiff argues that Defendant's Motion is a disguised summary judgment motion, as the crux of Defendant's request is to dismiss Plaintiff's claim. (Opp'n at 12.) Plaintiff maintains that Defendant should have filed either a Motion to Dismiss or a timely Motion for Summary Judgment rather than the instant Motion to Preclude pursuant to Rule 37. (Opp'n at 12–15.) Because Defendant has filed neither, Plaintiff asks the Court to deny this portion of Defendant's Motion. (*See* Opp'n at 16.)

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). For example, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 also serves to inform parties regarding the appropriate responses to an opposing party's failure to comply with discovery rules. *See generally* Fed. R. Civ. P. 37(a)(3) (specifying the types of motions parties may file in responding to the opposing party's discovery violations).

Here, Defendant attempts to use Rule 37 as a method of dismissing Plaintiff's misclassification claim, because, according to Defendant, Plaintiff cloaked that claim within its purportedly ambiguous allegations and discovery responses. Essentially, Defendant asks the Court to apply Rule 37 as an alternative to a Rule 12(b)(6), Rule 12(c), or Rule 56 Motion. Defendant fails to cite, and the Court is unable to find, any authority indicating that Rule 37 may be applied for this purpose.[1] Accordingly,

---

[1] The authority upon which Defendant relies does not support Defendant's proposed use of Rule 37. For example, two of the Ninth Circuit cases Defendant cites involved the Ninth Circuit's review of the district courts' disposition of summary judgment motions. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (affirming the district court's grant of a motion for summary judgment); *Williams v. Boeing Co.*, 517 F.3d 1120, 1131 (9th Cir. 2008) (affirming in part the district court's partial grant of summary judgment). Neither case involved the use of Rule 37 to preclude a party from asserting a claim. In addition, Defendant cites *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175 (9th Cir. 2008). (Mot. at 11.) In that case, the Ninth Circuit affirmed the district court's order granting a motion in limine to exclude undisclosed damages evidence. *Hoffman*, 541 F.3d at 1179. The court did not, however, address whether Rule 37 may be invoked to dismiss a claim altogether.

Case 2:14-cv-09010-BRO-GJS Document 116 Filed 05/26/16 Page 5 of 8 Page ID #:1621

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

Defendant's Motion is **DENIED** to the extent Defendant seeks an order pursuant to Rule 37 precluding Plaintiff from asserting its misclassification claim.[2]

### B. Defendant's Request to Modify the Scheduling Order

#### 1. The Parties' Arguments

Defendant alternatively requests that the Court amend the scheduling order to permit it to file a summary judgment motion as to Plaintiff's misclassification claim. (Mot. at 12–15.) According to Defendant, good cause exists to do so, as it (1) learned of the "new" claim on March 1, 2016, (2) quickly thereafter propounded discovery on Plaintiff to confirm that Plaintiff was indeed pursuing the claim, and (3) less than a month after receiving Plaintiff's response, filed the instant Motion asking the Court to modify the scheduling order. (Reply at 5–7.)

Plaintiff, on the other hand, argues that Defendant has been on notice of the misclassification claim since Plaintiff filed its Complaint on September 8, 2014, as the initial pleading contained allegations alluding to that cause of action. (Opp'n at 17.) Plaintiff also contends that a May 2015 email from Plaintiff's counsel to Defendant's counsel indicated that the MGM/FOX agreement at issue was not a servicing agreement, but rather a subdistribution agreement. (Opp'n at 18.) This, according to Plaintiff, put Defendant on notice that Plaintiff was pursuing what Defendant calls the "misclassification" claim. (*See id.*) Plaintiff also maintains that additional discovery requests propounded on Defendant should have notified Defendant of the misclassification claim because the discovery included (1) queries regarding the difference between "distributors" and "servicing agents" and (2) admission requests asking Defendant to concede that Fox was a distributor of Plaintiff's films. (*Id.*)

---

Accordingly, the binding authority upon which Defendant relies fails to hold that Rule 37 may be used to dismiss a cause of action.

[2] To the extent Defendant argues that Plaintiff's misclassification claim is not adequately alleged under the *Tombly/Iqbal* standard, Defendant could have filed a Motion for Judgment on the Pleadings to assert that contention in lieu of, or in addition to, the instant Motion to Modify the Scheduling Order. Given that Defendant failed to do so, the Court will not address the pleading sufficiency of Plaintiff's misclassification claim in this Order.

Case 2:14-cv-09010-BRO-GJS Document 116 Filed 05/26/16 Page 6 of 8 Page ID #:1622

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

In reply, Defendant points out that the Complaint's allegations, the May 2015 email, and the discovery requests Plaintiff relies upon to establish Defendant's knowledge of the misclassification claim all related to Plaintiff's previous and distinct theory of liability—that Defendant improperly deducted fees which Fox charged Defendant for "servicing" the distribution of Plaintiff's films. (Reply at 2–3.) By contrast, Plaintiff's misclassification claim relies on an allegation that the relationship between Defendant and Fox—which Plaintiff argues was a "subdistributing" relationship rather than what Defendant contends was a "servicing" relationship—entitled Defendant to only 15% of the revenue from Fox's distribution as opposed to the 50% Defendant took by labeling Fox as a "servicing agent." (Reply at 3; *see also* Opp'n at 1.) According to Defendant, a common factor between the former and current claims is the nature of Defendant's relationship with Fox during the relevant time, as Fox's status as a "servicing agent" or "subdistributor" would have affected the amount of revenue to which Defendant was entitled under both the deduction and misclassification theories of liability. (Reply at 3.) Thus, Defendant argues that Plaintiff's Complaint, May 2015 email, and discovery requests did not put Defendant on notice of the misclassification claim, as they related to the previously alleged "deduction" claim. (*Id.*) Defendant maintains that it was not until Plaintiff's counsel clarified that Plaintiff was pursuing the misclassification theory of liability on March 1, 2016 that Defendant became aware of this separate and distinct claim. (Reply at 6.)

### 2. Defendant Was Diligent in Seeking Amendment

The principal issue before the Court centers on the time Defendant became aware of Plaintiff's misclassification claim. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013). If Defendant "was not diligent, the inquiry should end" and the Court should deny the motion to modify. *Johnson*, 975 F.2d at 608. As applied here, given the close relationship between the deduction and misclassification claims, the Court is persuaded that Defendant was unaware of the separate misclassification claim until March 1, 2016. Although Defendant did not ultimately file the instant Motion until approximately two months after obtaining the information prompting the need to amend, Defendant acted quickly after March 1 to seek further information confirming whether Plaintiff was actually pursuing this claim; namely, by propounding discovery to that effect on March 7, 2016. When Defendant received a

Case 2:14-cv-09010-BRO-GJS Document 116 Filed 05/26/16 Page 7 of 8 Page ID #:1623

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

confirmatory response on April 11, 2016, it filed the instant Motion less than a month later.

One pertinent fact militating against Defendant's diligence is that Defendant had seven days from April 11, 2016 until the April 18, 2016 deadline to file a summary judgment motion. Although Defendant reasonably argues that it would have been nearly impossible to file a voluminous summary judgment motion in one week, seven days was sufficient to ask the Court for a continuance of the summary judgment deadline. Nonetheless, the Court concludes that, given Defendant's timely efforts in obtaining information relating to the misclassification claim, and because of the apparent lack of clarity regarding that cause of action, Defendant was diligent in seeking to amend the scheduling order. Further, although the Motion to Modify was filed late in litigation, it appears that the delay was due to Plaintiff's failure to specify that it was seeking damages based on its claim that Defendant was entitled to only 15% of revenue stemming from Fox's "subdistribution" rather than the 50% of revenue Defendant took classifying Fox as a "servicing agent." Plaintiff's self-induced prejudice does not tip the balance against modifying the scheduling order. For these reasons, the Court **GRANTS** Defendant's Motion to the extent Defendant seeks to modify the scheduling order.[3]

## V. CONCLUSION

In light of the foregoing, Defendant's Motion is **GRANTED in part** and **DENIED in part**. Namely, the Court **DENIES** Defendant's request for an order pursuant to Rule 37 precluding Plaintiff from asserting its misclassification claim. The Court, however, **GRANTS** Defendant's request to modify the scheduling order, as it appears good cause exists to do so.[4] Finally, the hearing scheduled for June 6, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |

---

[3] To clarify, in granting Defendant's Motion and modifying the scheduling order, the Court is in no way ruling or commenting on the viability of Plaintiff's misclassification cause of action.

[4] The modified dates are provided on the following page.

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 14-09010-BRO (GJSx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | P.E.A. FILMS, INC. V. METRO-GOLDWYN-MEYER, INC. | | |

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury) Estimated length: ____ hours** | 8:30 am | | | | 10/4/2016 |
| **Hearing on Disputed Jury Instructions** | 1:30 pm | -1 | | | 9/26/2016 |
| **File Joint Deposition Designation Submission and lodge pertinent depositions transcript** | | 13 days | | | 9/21/2016 |
| **Hearing on Motions in Limine** | 1:30 pm | -2 | | | 9/19/2016 |
| **Joint jury instructions; disputed jury instructions to be filed and emailed to chambers in Word.** | | -3 | | | 9/12/2016 |
| **Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed-to Statement of Case; File Agreed Verdict Forms; Exchange objections/response to deposition designations** | 3:00 pm | -4 | | | 8/29/2016 |
| **Motions in Limine to be filed** | | -6 | | | 8/22/2016 |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; Exchange deposition designations** | | -6 | | | 8/22/2016 |
| **Last date to file Joint Report re ADR proceeding** | | -7 | | | 6/20/2016 |
| **Last date to conduct ADR proceeding** | | -8 | | | 6/13/2016 |
| **Last day for hearing motions [Note: The court requires 49 days notice for a Motion for Summary Judgment.]** | 1:30 pm | -9 | | | 8/1/2016 |
| **Discovery cut-off [Note: Expert disclosure no later than 70 days prior to this date.]** | | -10 | | | 5/31/2016 |